# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | | |
|---|---|---|
| MICHAEL A. GASTON, | : | |
| Petitioner | : | |
| VS. | : | |
| Warden JASON DRIVER, | : | NO. 5:10-CV-348 (MTT) |
| Respondent | : | |
| | : | **O R D E R** |

In compliance with this Court's October 22, 2010 order, petitioner **MICHAEL A. GASTON** has presented his claims on the standard 28 U.S.C. § 2254 form required by this Court. He has also paid the $5.00 filing fee.

According to his petition, petitioner pled guilty to one count of armed robbery on August 17, 2009, in the Superior Court of Bibb County. Petitioner states that he was sentenced to 20 years, with 12 to serve. Petitioner further states that the Superior Court of Bibb County denied his "Motion for Leave to File an Out-of-Time Appeal" on April 8, 2010, and that he has been denied his right to appeal. Petitioner indicates that he has not filed a state habeas action.

It is well-settled that exhaustion of state court remedies is required before a habeas corpus petitioner can proceed in federal court. *See Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 489-92, (1973) (exhaustion is necessary under section 2241 as well as section 2254); ***Thomas v. Crosby***, 371 F.3d 782, 812 (11th Cir. 2004) ("Among the most fundamental common law requirements of section 2241 is that petitioners must first exhaust their state court remedies."). A

petitioner "shall not be deemed to have exhausted" the available state court remedies "if he has the right under the law of the State to raise, by any available procedure," the claims he has presented in his federal habeas petition. 28 U.S.C. § 2254(c).

The Eleventh Circuit Court of Appeals recently held as follows regarding what a petitioner must do to exhaust a claim:

> Exhaustion requires that "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." That is, to properly exhaust a claim, the petitioner must "fairly present[]" every issue raised in his federal petition to the state's highest court, either on direct appeal or on collateral review.

*Mason v. Allen*, 605 F.3d 1114, 1119 (11th Cir. 2010)(citations omitted); *see also O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

It is clear that petitioner has not presented his claim to the "state's highest court, either on direct appeal or on collateral review." *Id*. at 1119. Instead, he has merely filed a motion for leave to file an out of time appeal. Even if petitioner has been denied his right to appeal, he may file a state habeas corpus action. Until he does so and appeals any resulting denial to the Georgia Supreme Court by petitioning for a certificate of probable cause, he may not pursue a section 2254 in federal court. *See Pope v. Rich*, 358 F.3d 852, 854 (11th Cir.2004) (per curiam).

Accordingly, pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the instant petition is hereby **DISMISSED WITHOUT PREJUDICE.**[1]

---

[1] Pursuant to Rule 4 of the rules governing federal habeas cases, this Court is required to conduct a preliminary review of the petition for writ of habeas corpus. Under Rule 4, if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the

Petitioner may refile his federal habeas petition once he has exhausted his state court remedies.

**SO ORDERED**, this 30th day of November, 2010.

                 S/ Marc T. Treadwell
                 MARC THOMAS TREADWELL, JUDGE
                 UNITED STATES DISTRICT COURT

cr

---

district court," the court must dismiss the petition.